IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. SMITH III, D-00615, | ) |
| Plaintiff(s), | ) No. C 10-2959 CRB (PR) |
| vs. | ) ORDER OF SERVICE |
| STATE OF CALIFORNIA, et al., | ) |
| Defendant(s). | ) |

Plaintiff Robert P. Smith III, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging various violations of his federal constitutional rights while at California State Prison, Corcoran (CSP– COR) and at SVSP.  Plaintiff makes clear that "the bulk of the asserted acts" occurred "during the time [he] was housed at CSP– COR, roughly between August 1998 and September 2009," and that he is "seeking only monetary compensatory damages involving the acts occurring at CSP – COR" and "solely seeking nonmonetary declaratory/injunctive relief regarding the assertions arising at or involving SVSP," where he is currently incarcerated. Compl. at 3-4.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff has sued more than two dozen defendants who have had some role in his confinement at CSP – COR or SVSP during the past 12 years. His sprawling complaint first asserts multiple claims for damages for violations of his federal constitutional rights while at CSP – COR against numerous prison officials who work or worked at CSP – COR and/or the California Department of Corrections and Rehabilitation (CDCR).[1] These claims for damages fall into three general categories – (1) harassment and retaliation for filing inmate

---

[1] Plaintiff also names the State of California and CDCR itself. But it is well established that California and CDCR cannot be sued for damages under § 1983 in federal court. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (CDCR entitled to 11th Amendment immunity); Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (California entitled to 11th Amendment immunity).

2

grievances, (2) denial of access to the courts, and (3) mishandling of inmate appeals. The complaint also asserts claims for declaratory/injunctive relief for violations of plaintiff's federal constitutional rights while at SVSP against SVSP Warden A. Hedgpeth and CDCR. These claims for declaratory/injunctive relief fall into two general categories – (1) denial of access to the courts, and (2) mishandling of inmate appeals. Plaintiff cannot join all of these defendants and claims in a single suit.

1. SVSP Claims

Plaintiff alleges that he has lost legal actions and missed court deadlines while at SVSP due to insufficient access to an adequate law library, improper handling of the mail and errors in the prison's trust office. He also alleges that his inmate appeals have been mishandled and that he seeks only declaratory/injunctive relief.

Plaintiff's allegations that his inmate appeals have been mishandled are dismissed because it is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). But liberally construed, plaintiff's allegations of injury to court access due to inadequacies in SVSP's legal access program (or other action or omission) state a cognizable § 1983 claim for declaratory/injunctive relief against SVSP Warden Hedgpeth and CDCR for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-55 (1996) (to establish an actual injury to court access, prisoner must show that inadequacy in prison's

3

program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when seeking injunctive relief, plaintiff does not have to establish same narrow causal connection between his injuries and a responsible defendant as when seeking damages from an individual).

   2.   CSP – COR Claims

Plaintiff's claims for damages for violations of his federal constitutional rights while at CSP – COR against numerous other defendants will be dismissed without prejudice to bringing in a separate suit. A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's claims for damages for violations of his federal rights while at CSP – COR and for declaratory/injunctive relief for violations of his federal rights while at SVSP do not satisfy Rule 20(a)(2)'s requirements. Plaintiff has not shown that all the defendants he named participated in the same transaction, occurrence, or series of transactions or occurrences, and that a question of law or fact is common to all defendants. See George v. Smith, 507 F.3d 605, 606-07 (7th Cir. 2007). Mere similarity in the types of problems he encountered at two different prisons is not enough to satisfy Rule 20(a)(2) and bring in one suit otherwise unrelated claims against different defendants.[2] This is so not only to prevent the sort of morass that this multiple-

---

[2] Nor is plaintiff's apparent naming of the State of California and CDCR in connection with all claims enough to satisfy Rule 18(a) because neither the State

4

claim, multiple-defendant suit seeks "but also to ensure that prisoners pay the required filing fees – for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id. at 607 (citing 28 U.S.C. § 1915(g)).

**CONCLUSION**

For the foregoing reasons, plaintiff's § 1983 claim for declaratory/injunctive relief for denial of access to the courts while at SVSP will be ordered served on SVSP Warden Hedgpeth and CDCR. The clerk accordingly shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on SVSP Warden Hedgpeth and CDCR. The clerk also shall serve a copy of this order on plaintiff.

This action will be limited to plaintiff's claim for declaratory/injunctive relief for denial of access to the courts while at SVSP against SVSP Warden Hedgpeth and CDCR. Plaintiff's claim for declaratory/injunctive relief for mishandling of inmate appeals while at SVSP is dismissed under the authority of 28 U.S.C. § 1915A(b). All other claims and defendants are dismissed without prejudice to bringing in a separate suit.

In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at

---

of California nor CDCR is a viable defendant insofar as his claims for damages are concerned.

5

issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.      Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 16, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Smith, R1.serve.wpd